SO ORDERED.

Dated: March 7, 2018

Daniel P. Collins, Chief Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 13 Proceedings |
| ) | |
| RONALD A. KLAVE, JR. and ) | Case No: 2:16-bk-14246-DPC |
| SOFIA R. KLAVE, ) | |
| ) | |
| Debtors. ) | **UNDER ADVISEMENT RULING** |
| ) | **RE CONDUIT PLAN** |
| ) | |
| ) | [NOT FOR PUBLICATION] |
| ) | |

Before this Court is the Objection of Chapter 13 Trustee, Edward J. Maney ("Trustee"), to the First Amended Plan ("Amended Plan") of Ronald A. Klave, Jr. and Sofia R. Klave ("Debtors"). The Trustee contends the Amended Plan impermissibly removes ongoing monthly conduit mortgage payments. This Court now finds, that once the Debtors entered this Court's Mortgage Modification Mediation Program ("MMM Program"), their home mortgage payments must be made through the Trustee until the mortgage creditor consents to elimination of this conduit mortgage payment arrangement.

## I. BACKGROUND

1. When the Debtors filed their chapter 13 petition on December 19, 2016 ("Petition Date"), Freedom Mortgage Corporation ("Home Lender"), the holder of the first lien note and deed of trust on their residence at 2286 E. Spruce Drive, Chandler,

1 Arizona 85286, contended Debtors were in arrears on their loan in the amount of
2 $9,491.27. *See* Home Lender's proof of claim (Claim #8) dated March 29, 2017.

3     2.     Debtors' initial chapter 13 plan (DE 7)[1] called for an estimated monthly
4 mortgage payment to be included in that plan for the term of the plan. Debtors also
5 indicated their desire to enter the Court's MMM Program.

6     3.     Debtors filed their Motion for Referral to the MMM Program on May 2,
7 2017. DE 20. The Court entered its order referring this case to the MMM Program on
8 May 3, 2017. DE 22. A trial modification of Debtors' loan with the Home Lender was
9 approved by the Court on August 22, 2017. DE 40. The Court approved a final loan
10 modification on November 21, 2017. DE 47.

11     4.     Debtor filed their Amended Plan on December 21, 2017 (DE 53) seeking,
12 among other things, to remove the conduit payments and begin making all payments
13 directly to Home Lender beginning on January 1, 2018.

14     5.     The Trustee objected to the Amended Plan on January 19, 2018 (DE 58)
15 contending that, once the Debtors entered the MMM Program, all their mortgage
16 payments must be made through the Trustee until they complete their payments under
17 the Amended Plan.

## II. JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334.

## III. ISSUE

When Debtors avail themselves of this District's MMM Program, are Debtors' payments to Home Lender through the life of their plan governed by Section III,

---

[1] DE signifies a docket entry on the administrative docket maintained in this case.

paragraph A of the MMM Program or may the conduit payment arrangements be eliminated under this District's Local Rule 2084-4(b)(1)?

**IV.  ANALYSIS**

On December 5, 2016, the Bankruptcy Judges for the District of Arizona signed General Order 16-2 adopting the MMM Program. Section III of the MMM Program states:

> A. <u>Conduit Payment Requirement</u> - A Debtor participating in the MMM Program is required to pay all post-petition installment payments to Lender through the Chapter 13 Trustee as conduit payments including, but not limited to, ongoing mortgage payments, trial loan modification payments, final loan modification payments, Estimated Monthly Payments, arrearages, and post-petition fees and costs (if any).

On November 15, 2017, the Bankruptcy Judges of this District approved Local Rules that revised the procedures applicable to chapter 13 cases in this District. Specifically, Local Rule 2084-4 now provides as follows:

> (b) Defaulted Residential Real Property Mortgage Payments. This subsection applies to all plans filed in this District when the debtor is in default under the terms of the mortgage as of the petition date or is in default after the petition date.
>
> (1) Conduit Payments. Conduit payments must be made by the debtor to the trustee through the plan. A debtor may be excused from making conduit payments only by a Court order. If the debtor cures the arrearage, the debtor may seek to be excused from conduit payments by:
>
> (A) Obtaining a Court order after notice to the trustee and all creditors; and
>
> (B) Filing an amended or modified plan to eliminate future conduit payments.

The Trustee contends Debtors' Amended Plan is at odds with the MMM Program Section III(A) because it calls for a discontinuance of conduit payments on Home Lender's loan now that Debtors and Home Lender have agreed to a modification of that

loan. Debtors contend they are permitted to cease conduit payments by filing a revised chapter 13 plan, which eliminates future conduit payments, and obtain this Court's order approving the elimination of conduit payments after notice to the Trustee and all creditors under Local Rule 2084-4(b)(1). Both the Trustee and Debtors are, in part, correct.

Conduit payments are an important feature of the MMM Program adopted by this District. In some measure, mortgage creditors are induced into participating in the MMM Program because they are aware of the Court's requirement that payments to them will be monitored by a chapter 13 trustee and will be passing through the hands of that trustee. Conduit payment arrangements eliminate the tiresome controversy that arises when a debtor claims to have made a mortgage payment and the mortgage creditor claims to have not received such payment. Under the MMM Program, the chapter 13 trustee, in effect, becomes the official scorekeeper when he or she keeps track of all mortgage payments received and disbursed. The mortgage creditor and chapter 13 trustee both have the opportunity to address with the Court a debtor's failure to fully and timely make conduit payments. Troublesome record keeping issues dissolve when a conduit plan is approved by the Court. This is part of the beauty of the MMM Program.

On the other hand, Local Rule 2084-4(b) recognizes that conduit payments increase administrative costs associated with a conduit plan and, under the right circumstances, may be eliminated. In this Court's view, "the right circumstances" occur when a mortgage creditor agrees conduit payments are no longer needed. Once a mortgage creditor agrees to a modification of its home loan, that creditor may well determine that a conduit payment arrangement is too expensive for the debtor and too cumbersome for the lender. If so, a debtor must gain that lender's written consent to modification of the chapter 13 plan calling for elimination of future conduit payments. On the other hand, the mortgage lender may refuse to consent to the post-mortgage modification elimination of the conduit payments where the lender finds comfort in the

independent third party's (i.e. the trustee) handling and accounting of payments from the debtor and to the mortgage lender.

In this Court's view, upon the Debtors' filing of a modified plan after a mortgage modification has been established, the Debtors must gain the Home Lender's written consent to eliminate conduit payments to that creditor before this Court will enter an order approving the Amended Plan.

## V. CONCLUSION

If and when Debtors obtain Home Lender's written consent to the elimination of conduit payments to it under the Amended Plan, then and only then, will the Court overrule Trustee's objection to the Amended Plan and approve the Amended Plan under Local Rule 2084-4(b)(1). Until such time, the Trustee's objection to the Debtors' Amended Plan is hereby sustained pursuant to General Order 16-2, Section III(A) of the MMM Program.

**DATED AND SIGNED ABOVE.**

Copy of the foregoing mailed to
the following parties by the BNC:

Mary B. Martin
101 N. 1st Ave., Suite 1775
Phoenix, AZ 85003
Attorney for Edward J. Maney,
Chapter 13 Trustee


Kenneth L. Neeley
Neeley Law Firm, PLC
2250 E. Germann Rd., Suite 11
Chandler, AZ 85286
Attorney for Debtors